Anton Fuerst, Defendant in Error, v. Oscar Stone and Herman Salzberg, Plaintiffs in Error.

Gen. No. 20,505.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and judgment here with finding of facts. Opinion filed April 13, 1915.

### Statement of the Case.

The plaintiff, Anton Fuerst, in his original state-. ment of claim, filed on December 23, 1913, alleged that his claim against Oscar Stone and Herman Salzberg, defendants, was upon an "account stated between the parties" about June 30, 1913, for $100, of which amount $25 had been paid, leaving a balance due of $75. To this statement of claim the defendants filed an affidavit of merits in which it was alleged that they were not indebted to plaintiff in any sum, but that on the contrary plaintiff was indebted to them in the sum of $25; that about June 30, 1913, plaintiff repre-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sented to defendants that he would procure for them a certain building on West 26th street in Chicago, for the sum of $4,800, upon payment to him of $100 for his services to be rendered in procuring said building; that defendants agreed to purchase said building for said sum of $4,800, and thereupon paid plaintiff $25 with the understanding that if plaintiff procured said building for them defendants would pay plaintiff the additional sum of $75, but that if plaintiff did not procure said building plaintiff would return to defendants said sum of $25; and that defendants were ready, willing and able to purchase said building for said sum of $4,800, but that plaintiff was unable to procure said building and has not returned to defendants said sum of $25. The defendants also filed a statement of claim for set-off for said $25. To this claim of set-off plaintiff filed an affidavit of merits in which plaintiff admitted that such sum of $25 was so paid plaintiff, and that the property on West 26th street was not delivered by plaintiff to defendants, but plaintiff alleged that said sum of $25 was afterwards, at the request of defendants, "Applied upon a prior indebtedness of defendants to plaintiff of $100."

Upon the above statements of claims and answers thereto, the cause came on for trial March 5, 1914, before the court without a jury. Before the trial was concluded plaintiff, on March 9, 1914, filed an amended statement of claim in which he seemingly abandoned his claim for an account stated, and in which he alleged that about May 1, 1913, defendants promised to pay plaintiff, "acting as a salesman for Joseph Streska, real estate broker in the City of Chicago," the sum of $100 for "looking up for them any real estate bargain which should be approved by them and put through"; that plaintiff did look up and put through with defendants' approval a "real property bargain from one Alois Slunecko" and defendants became indebted "to

plaintiff's principal'' in the sum aforesaid, which sum defendants refuse to pay; that plaintiff ''is the actual *bona fide* owner of aforesaid claim, same having been duly assigned to him about June 30, 1913''; and that there is now due plaintiff from defendants the sum of $75.

To this amended statement of claim the defendant, Salzberg, filed an affidavit of merits on behalf of both defendants in which he alleged that plaintiff did not perform any services for defendants at their request, that plaintiff is not a licensed broker as required by the Chicago Code, secs. 192-198 inclusive; that plaintiff was not acting as a salesman for Joseph Streska in negotiating said real estate transaction between defendants and said Alois Slunecko, and that said Streska was not a licensed real estate broker in Chicago; that in the transaction referred to plaintiff acted as the agent for said Slunecko and not for defendants; that the alleged claim of said Streska against defendants was not assigned to plaintiff; and that plaintiff is indebted to defendants in the sum of $25 for cash paid as more fully set forth in defendants' claim of set-off.

On March 21, 1914, the trial court found the issues against defendants and assessed plaintiff's damages at $75, and entered judgment against defendants on the finding, from which they bring error.

Shulman & Shulman, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Gridley delivered the opinion of the court.

## Abstract of the Decision.

1. ASSIGNMENTS, § 31*—*what assignee must show.* In an action by the assignee of a chose in action, the plaintiff must prove an indebtedness of defendant to the plaintiff's assignor and the assignment of same to the plaintiff.

2. BROKERS, § 5*—*what is effect of failure to procure license.* One acting as a real estate broker without a city license cannot recover commissions.